# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

In re:
**Tanya Bailey**,

Social Security No. xxx-xx-2952
Mailing Address: 5304 Dilbagh Drive, Durham, NC 27703-

          Debtor.

Bankruptcy Case No.: 06-80118

**Tanya Bailey**,
          Plaintiff,

A.P. No.: _____

**Nationwide Property & Casualty Insurance Company**,
          Defendant.

## COMPLAINT

The Plaintiff, above-named, respectfully alleges as follows:

## JURISDICTION

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157 (e).

2. The court has jurisdiction for core and related non-core causes of action pursuant to 28 U.S.C. §§ 151, 157 and 1334.

## STATEMENT OF THE CASE

3. This Complaint was filed, pursuant to 11 U.S.C. §§ 105 and 542 (a), and in accordance with Bankruptcy Rule 7001, for the purpose of:

   (a) Requiring that Nationwide Property & Casualty Insurance Company (hereinafter referred to as "Nationwide") turnover the full value of the property loss claim for the 1997 Lexus ES to the Debtor and/or Chapter 13 Trustee;

   (b) Determining that Nationwide violated N.C.G.S. § 20-109.1 by requiring that the Plaintiff retain possession of the salvaged 1997 Lexus ES, despite her rejection of the salvaged vehicle.

   (c) Determining that Nationwide violated N.C.G.S. § 58-63-15 (11) (f) by not attempting in good faith to effectuate prompt, fair and equitable settlement of the Plaintiff's

claim in which liability was reasonably clear;

(d) Determining that Nationwide violated N.C.G.S. § 58-63-15 (11) (g) by compelling the Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts which ultimately will be recovered in this action;

(e) Determining that Nationwide violated N.C.G.S. § 58-63-15 (11) (h) by attempting to settle a claim for less than the amount a reasonable person would have believed he or she would recover;

(f) Determining that Nationwide engages in a general business practice of such improper settlement practices with Chapter 13 Debtors.

(g) Determining that such practices are an unfair or deceptive act and practice in or affecting commerce and as such violate N.C.G.S. § 75-1.1, and awarding the Plaintiff treble damages, pursuant to N.C.G.S. § 75-16, and attorneys' fees, pursuant to N.C.G.S. § 75-16.1.

(h) Determining that Nationwide is liable for the Plaintiff's attorneys' fees under N.C.G.S. § 6-21.1; and

(i) Obtaining an injunction against Nationwide requiring that Chapter 13 Debtors take possession and salvage of totaled vehicles.

(j) Referring this matter and the general pattern of practice by Nationwide concerning Chapter 13 debtors to the North Carolina Commissioner of Insurance for a determination of whether Nationwide and its agents should face, among other actions, criminal prosecution under N.C.G.S. § 20-109.1 (f) and other civil and criminal penalties.

## PARTIES

4. The Plaintiff is:

   (a) Individual residing at 5304 Dilbagh Drive, Durham, NC 27703-   ; and

   (b) "Consumer" as that term is defined by N.C.G.S. § 75-50 and 15 U.S.C. § 1692 a (3).

5. The Plaintiff filed this bankruptcy case on January 31, 2006 seeking protection under Chapter 13 of Title 11 of the United States Code.

6. The Defendant Nationwide Property & Casualty Insurance Company is, upon information and belief:

(a) A corporation and/or a partnership with an office and principal place of business located at 5842 Fayetteville Rd., Ste. 118, Durham, NC 27713 and/or One Nationwide Plaza, Columbus, OH 43215 ;

**STATEMENT OF FACTS**

7. The allegations of Paragraph 1 through 6 are re-incorporated herein.

8. The Plaintiff filed a voluntary Chapter 13 bankruptcy petition on January 31, 2006.

9. The Plaintiff's § 341Meeting of Creditors was held on February 24, 2006.

10. The Plaintiff's Chapter 13 plan was subsequently confirmed by order of this Court on April 5, 2006.

11. The Plaintiff owns a 1997 Lexus ES and pursuant to 11 U.S.C. §§ 541 and 1306 and the Confirmation Order in this case, said vehicle is property of the bankruptcy estate.

12. The Plaintiff claimed said vehicle as exempt pursuant to 11 U.S.C. § 522 and N.C.G.S. § 1C-1601 (a)(2) and (3).

13. That said vehicle was insured by Nationwide, policy number 61 32 M 381301.

14. That said insurance policy and any proceeds there from are assets of the bankruptcy estate.

15. That, on or about October 28, 2006, the vehicle was involved in an automobile accident.

16. That, upon information and belief, Nationwide subsequently declared said vehicle a total loss, claim number 61 32 M 381301 10282006 01.

17. That pursuant to 11 U.S.C. § 1306 (a) any proceeds from the property damage claim for said vehicle are property of the bankruptcy estate and are also claimed as exempt pursuant to N.C.G.S. § 1C-1601 (a)(2) and (3).

18. That, upon information and belief, as of the date of the accident, the vehicle had an N.A.D.A. Retail value of $8,850.00.

19. That, upon information and belief, Nationwide offered to settle the property damage claim with the Plaintiff in the amount of $4,655.00, representing the value of the vehicle less an amount Nationwide determined to be the "salvage value" of the vehicle, and by requiring the Plaintiff to take possession of the totaled vehicle as the vehicle was involved in bankruptcy and would have taken, from Nationwide's perspective, an unreasonable amount of time to obtain the title.

20. That the vehicle was left in front of the Plaintiff's home, causing on-going difficulties with

the Plaintiff's neighbors and home owner's association.

21. That the Plaintiff had to have the vehicle towed to her attorney's office for storage to prevent further difficulties and fines from her neighbors and home owner's association.

22. That, upon information and belief, Nationwide has a policy of requiring Chapter 13 Debtors in the Middle District of North Carolina to involuntarily take possession of totaled vehicles and reducing the amount of the property damage claims by an unilaterally determined "salvage value".

### FIRST CAUSE OF ACTION:
### Violation of the Automatic Stay

23. The allegations of Paragraphs 1 through 22 are re-incorporated herein.

24. As both the vehicle and the insurance policy with Nationwide were assets of the Debtor's bankruptcy estate, retention of the proceeds by Nationwide, after notice from the Debtor of the pendency of this case constitute a violation of 11 U.S.C. § 362 (c) as an "act ... to exercise control over property of the estate."

25. That failure to remit said proceeds to either the Debtor, the lienholder or the Chapter 13 Trustee constitute a violation of said automatic stay.

26. That, upon information and belief, the refusal by Nationwide to remit such proceeds was a willful violation, in that Nationwide was fully aware of this bankruptcy and acted in a manner expressly designed to withhold such funds.

### SECOND CAUSE OF ACTION:
### Turnover of Property of the Estate

27. The allegations of Paragraph 1 through 26 are re-incorporated herein.

28. Upon information and belief, Nationwide is not, pursuant to 11 U.S.C. § 101 (11) a "custodian."

29. Pursuant to 11 U.S.C. § 542 (a), Nationwide is in "possession, custody, or control" of the insurance proceeds.

30. Such insurance proceeds may be exempted by the debtor.

31. Such insurance proceeds are not of inconsequential value.

32. Upon information and belief, Nationwide has, pursuant to 11 U.S.C. § 542 (c), actual notice and actual knowledge of this case.

33. The insurance policy, in regards to 11 U.S.C. § 542(d), is not for life insurance.

34. Accordingly, pursuant to 11 U.S.C. § 542 (a), Nationwide has an affirmative obligation "to deliver to the trustee, and account for, such property of the value of such property."

35. Nationwide has, upon information and belief, neither delivered the insurance proceeds to the Chapter 13 Trustee nor accounted for such property.

### THIRD CAUSE OF ACTION:
### Unfair Claim Settlement Practices

36. The allegations of Paragraph 1 through 35 are re-incorporated herein.

37. N.C.G.S. § 75-1.1 provides, in pertinent part:

    (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

    (b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

38. N.C.G.S. § 75-16 provides, in pertinent part:

    If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

39. That unfair trade practices in the insurance business are regulated by the provisions of N.C.G.S. § 58-63. *See Gray v. North Carolina Ins. Underwriting Ass'n*, 132 N.C. App. 63, 510 S.E.2d 396 (1999).

40. That N.C.G.S. § 58-63-10 provides, in pertinent part:

    **Unfair methods of competition or unfair and deceptive acts or practices prohibited.** No person shall engage in this State in any trade practice which is defined in this Article as or determined pursuant to this Article to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

41. That N.C.G.S. § 58-63-15 (11) provides, in pertinent part:

    **Unfair Claim Settlement Practices.** – Committing or performing with such frequency as to indicate a general business practice of any of the following: Provided, however, that no

violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner:

...

(f) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(g) Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

(h) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

...

41. That, upon information and belief, Nationwide did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the Debtor's claim in which liability has become reasonably clear.

42. That, upon information and belief, Nationwide compelled the Debtor to institute this litigation to recover amounts due under an insurance policy by offering substantially less than the amounts which will ultimately be recovered in actions brought by the Debtor.

43. That, upon information and belief, Nationwide attempted to settle the Debtor's claim for less than the amount to which a reasonable man would have believed he was entitled.

44. That, upon information and belief, Nationwide has made it a "general business practice" to force Chapter 13 Debtors to both take salvage of vehicles, despite their wishes, and reducing the amount of the insurance proceeds by a substantial and unrealistic "salvage value."

45. That, upon information and belief, this general business practice was instituted by Nationwide out of a desire to avoid the requirements of the Bankruptcy Code and the procedures of this Court, as such requirements were deemed by Nationwide to be to time consuming and expensive.

### FOURTH CAUSE OF ACTION:
### Compulsory Retention of Salvage Vehicles

46. The allegations of Paragraph 1 through 45 are re-incorporated herein.

47. N.C.G.S. § 20-109.1 provides, in pertinent part:

(a) Option to Keep Title.- When a vehicle is damaged to the extent that it becomes a salvage vehicle and the owner submits a claim for the damages to an insurer, the

insurer must determine **whether the owner wants** to keep the vehicle after payment of the claim. **If the owner does not want** to keep the vehicle after payment of the claim, the procedures in subsection (b) of this section apply. If the owner wants to keep the vehicle after payment of the claim, the procedures in subsection (c) of this section apply.

(b) Transfer to Insurer. – **If a salvage vehicle owner does not want** to keep the vehicle, the owner must assign the vehicle's certificate of title to the insurer when the insurer pays the claim. The insurer must send the assigned title to the Division within 10 days after receiving it from the vehicle owner. The Division must then send the insurer a form to use to transfer title to the vehicle from the insurer to a person who buys the vehicle from the insurer. If the insurer sells the vehicle, the insurer must complete the form and give it to the buyer. If the buyer rebuilds the vehicle, the buyer may apply for a new certificate of title to the vehicle.

(c) Owner Keeps Vehicle. – If a salvage vehicle owner wants to keep the vehicle, the insurer must give the owner an owner-retained salvage form. The owner must complete the form and give it to the insurer when the insurer pays the claim. The owner's signature on the owner-retained salvage form must be notarized. The insurer must send the completed form to the Division within 10 days after receiving it from the vehicle owner. The Division must then note in its vehicle registration records that the vehicle listed on the form is a salvage vehicle.

(Emphasis added.)

48. That N.C.G.S. § 109.1 places the discretion whether or not to keep a salvaged vehicle solely with the owner, not with the insurer.

49. That, upon information and belief, Nationwide took no active steps to determine whether the Debtor wanted to keep the salvaged vehicle.

50. That, in fact, the Debtor specifically notified Nationwide that she did not want to keep the salvaged vehicle.

51. That, upon information and belief, Nationwide nonetheless insisted that the Debtor not only keep the salvaged vehicle, but substantially reduced the amount of the insurance proceeds by $4,000.00.

52. That said "salvage value" was an amount that the Debtor did not agreed to, that the bankruptcy court did not approve, nor that has any realistic basis.

53. That such forced retention of salvaged vehicles constitutes, pursuant to N.C.G.S. §§ 75-1.1 and 75-16, and "unfair and deceptive trade practice."

**DAMAGES:**

54. The allegations of Paragraph 1 through 53 are re-incorporated herein.

55. That as a result of the actions by Nationwide, the Debtor has suffered actual damages, including, without limitation:

    (a) Loss of the use of the insurance proceeds;
    (b) Loss of the use of the vehicle;
    (c) Storage costs;
    (d) Physical and emotional distress; and
    (e) Attorneys' Fees.

56. That, pursuant to N.C.G.S. § 75-16, the Debtor is entitled to treble all of her actual damages, including physical and emotional distress and attorneys' fees.

57. That, upon information and belief, the actions by Nationwide were willful and as such entitle the Debtor to punitive damages.

**PRAYER FOR RELIEF:**

WHEREFORE the Debtor respectfully prays that the Court find and order as follows:

1. Order Nationwide to immediately pay the full fair market value for the vehicle to the Chapter 13 and to take possession of the totaled vehicle.

2. Find that the vehicle and the insurance policy held with Nationwide, as well as the proceeds from such policy, are assets of the Debtor's bankruptcy estate.

3. Find that such vehicle and the insurance proceeds are exempt assets of the Debtor pursuant to 11 U.S.C. § 522 and N.C.G.S. § 1C-1601 (a)(2) and (3).

4. Find that Nationwide willfully violated 11 U.S.C. § 362 (c) by retaining control over an asset of the bankruptcy estate after receiving notice of this bankruptcy.

5. Find that Nationwide willfully violated 11 U.S.C. § 542 by both failing to turnover the insurance proceeds to the Chapter 13 Trustee and by failing to account for such property.

6. Find that Nationwide violated N.C.G.S. § 58-63-15 (11) (f) by not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

7. Find that Nationwide violated N.C.G.S. § 58-63-15 (11) (f) by compelling the Debtor to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured.

8. Find that Nationwide violated N.C.G.S. § 58-63-15 (11) (f) by attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled.

9. Find that these actions by Nationwide of were a "general business practice" concerning Chapter 13 Debtors and as such constituted a violation of N.C.G.S. § 75-1.1 as an unfair trade practice.

10. Find that the Debtor has suffered actual damages, including attorneys' fees, in excess of $10,000.00.

11. Find that, pursuant to *Gray v. North Carolina Ins. Underwriting Ass'n*, 132 N.C. App. 63, 510 S.E.2d 396 (1999), N.C.G.S. § 75-16 "allows a private cause of action for violation of N.C.G.S. § 75-1.1, and mandates the imposition of treble damages" and award the Debtor such treble damages.

12. Find that the actions by Nationwide were willful and pursuant to 11 U.S.C. § 362 (k)(1) award the Debtor punitive damages.

13. Grant injunctive relief against Nationwide as follows:

    (a) Prohibiting Nationwide from compelling Debtors to take salvage vehicles;

    (b) Requiring Nationwide to promptly file a Motion to Approve Settlement of all claims with Debtors with cases pending before this Court.

    (c) Prohibiting Nationwide from unilaterally terminating any insurance policies held by Debtors with cases pending before this Court without first filing a Motion for Relief from the Automatic Stay.

14. Referring this matter to the North Carolina Commissioner of Insurance, the North Carolina Attorney General, and or the United States Attorney for determination if any additional criminal or civil charges are warranted against Nationwide.

15. For any other such relief that the Court deems just and proper.


Dated: August 1, 2008

**Law Offices of Orcutt, Bledsoe & Boltz**

/s Edward Boltz
Edward Boltz
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Tanya Bailey**,

Social Security No. xxx-xx-2952
Mailing Address: 5304 Dilbagh Drive, Durham, NC 27703-

Debtor.

Bankruptcy Case No.: 06-80118

**Tanya Bailey**,

Plaintiff,

A.P. No.: _____

**Nationwide Property & Casualty Insurance Company**,

Defendant.

## VERIFICATION OF COMPLAINT

I, Tanya Bailey, the Plaintiff in the above captioned case, hereby state, under penalty of perjury, that, to the best of my knowledge, the facts alleged in this Complaint are true and accurate.

Dated: July 28, 2008

/s Tanya Jeneen Bailey
Tanya Jeneen Bailey

**Notarization:**

Sworn and subscribed before me on <u>July 28, 2008</u>

/s Glenda Mathis
Signature of Notary Public

Commission expires: June 24, 2012

Affix Seal or Stamp