IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
TANYA JENEEN BAILEY,             )      Case No. 06-80118
                                )          (Chapter 13)
            Debtor.              )

## OBJECTION TO MOTION TO MODIFY PLAN

COMES NOW Coastal Federal Credit Union (herein "Coastal Federal"), and hereby objects to the Debtor's Motion To Modify Plan as follows:

1. On or about June 3, 2004 the Debtor borrowed the sum of $11,340.00 pursuant to the terms of that certain Loanliner Open-End Application and Plan Signatures Plus and Loanliner Open-End Disbursement Receipt Plus of even date (herein the "Contract").

2. Under the terms of the Contract, Coastal Federal was granted a senior security interest in that certain 1997 Lexus ES, VIN # JT8BF22G4V0054968 (herein the "Vehicle"), which it duly perfected.

3. The Debtor filed this case on January 31, 2006, and her confirmed plan allowed Coastal Federal a fully-secured claim relative to the Vehicle in the amount of $9,677.60, and a cross-collateralized secured claim in the amount of $297.40.

4. From March 2006 through November 2006, Coastal Federal received regular payments from the Trustee with respect to such claim(s). However, on information and belief, the Trustee was advised in December 2006 that the Vehicle had been involved in an accident and declared a "total loss" by the Debtor's insurance company, which caused the Trustee's office to cease further payments at that time to Coastal Federal on its claim(s) relative to the Vehicle.

5. On January 22, 2007, the Debtor's counsel then filed a Motion To Modify Plan (herein the "Motion") confirming that the Vehicle had been wrecked and declared a total loss and requesting

that Nationwide Insurance be required to turn the full insurance settlement amount over to the Trustee for payment of the remaining secured balance on Coastal's claim(s) secured by the Vehicle and further requesting that the Debtor's plan payments be reduced since monthly payments on Coastal's claim(s) for the Vehicle would no longer be required.

6. The matter came on for hearing on February 22, 2007, at which time the Court granted the Motion and modified the Debtor's plan payments as requested.

7. From February to November 2007, Coastal Federal received no further monies from the Trustee on its claims secured by the Vehicle but no insurance proceeds either.

8. In response to repeated inquiries re same, Debtor's counsel advised the undersigned that the Debtor and Nationwide Insurance were engaged in a dispute as to the insurance company's obligation to pay the Debtor for the "salvage value" of the Vehicle and/or what an appropriate "salvage value" of the Vehicle is that Nationwide Insurance is entitled to withhold from its settlement with the Debtor in the event it is not required to pay same as part of settling the Debtor's claim relative to the Vehicle. During that same time frame, Debtor's counsel also advised the undersigned that he was in the process of filing an adversary proceeding against Nationwide Insurance company to resolve this dispute, but by the end of 2007, no such adversary proceeding had in fact been filed.

9. Therefore, on November 14, 2007, a Motion For Reconsideration was filed on behalf of Coastal, asking that the prior Motion To Modify be disallowed and the Trustee ordered to resume regular monthly payments to Coastal Federal on its claim(s) relative to the Vehicle until such time as the Debtor resolved her dispute with Nationwide Insurance and all appropriate insurance proceeds delivered in-hand to the Trustee's office in order to pay off the then-remaining balance due on Coastal's secured claim(s) relative to the Vehicle.

10. On November 30, 2007, the Court entered a Consent Order between the parties rescinding its prior order on the Debtor's Motion to Modify, requiring the Debtor's counsel to file an adversary proceeding against Nationwide Insurance within thirty (30) days to resolve the dispute in question, ordering the Trustee to immediately resume making monthly payments to Coastal Federal on its claim(s) relative to the Vehicle, and continue making such payments until such time as the Debtor reaches a resolution of her dispute with Nationwide Insurance and all available insurance proceeds relative to the Vehicle are delivered in-hand to the Trustee's office.

11. On information and belief, Debtor's counsel has only just now filed an adversary complaint against Nationwide Insurance (on August 1, 2008), and no resolution of the Debtor's dispute with Nationwide Insurance as detailed therein has been reached. However, the Debtor has simultaneously filed a second Motion to Modify Plan asking that the Vehicle be turned over to Nationwide Insurance and/or Coastal.

12. Coastal Federal objects to the Debtor's second Motion to Modify Plan to the extent that it would require Coastal Federal to take possession of and liquidate the Vehicle while the question of its salvage value is the subject of pending litigation between the Debtor and Nationwide Insurance, or in the alternative take possession and have to store the Vehicle pending the outcome of such litigation.

13 Coastal Federal further objects to the Debtor's second Motion to Modify Plan to the extent that it would have any impact on the continuing monthly payments to Coastal Federal by the Trustee pursuant to the provisions of the Consent Order entered herein on November 30, 2007 as described above.

WHEREFORE, Coastal Federal respectfully requests that the Court set this matter on for hearing at which time it grant Coastal Federal such relief as to the Court seems necessary, just and proper.

Dated: August 7, 2008

       KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

       By: s/ Pamela P. Keenan
       Pamela P. Keenan
       N.C. State Bar No.20328
       Attorneys for Coastal Federal Credit Union
       P. O. Box 19766
       Raleigh, NC 27619-9766
       Telephone: (919) 848-0420
       Facsimile (919) 848-4216

-4-

Case 06-80118   Doc 66   Filed 08/07/08   Page 4 of 5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, she served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Tanya Jeneen Bailey
5304 Dilbagh Dr.
Durham, NC 27703

John T. Orcutt
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
PO Box 3613
Durham, NC 27702

This the 7th day of August, 2008

s/ Gwen T. Best
Gwen T. Best
Paralegal