IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: )
)
TANYA BAILEY, ) CASE NO. 06-80118
) CHAPTER 13
DEBTOR. )
)

CONSENT ORDER RESOLVING DEBTOR'S AMENDED
MOTION TO MODIFY PLAN

**THIS CAUSE** coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Middle District of North Carolina upon the Debtor's "Amended Motion to Modify Plan," ("the Motion") which proposed to reimpose the 11 U.S.C. § 362 automatic stay as to Branch Bank and Trust Company ("BB&T") and release the 1997 Lexus, either to Nationwide Insurance Company, or Coastal Federal Credit Union.

And it appearing to the Court, and the Court finding from the record and stipulation of counsel that:

(1) Debtor filed her Chapter 13 Petition on January 31, 2006, and Debtor's Chapter 13 Plan was confirmed on April 5, 2006.

(2) BB&T is a secured creditor holding a claim against the Debtor's principal residence located 5304 Dilbagh Drive, Durham, North Carolina 27703.

(3) On August 31, 2006, BB&T filed a Motion for Relief from Stay regarding 5304 Dilbagh Drive, Durham, NC. On November 28, 2006, the Court entered a Consent Order resolving BB&T's relief from stay motion.

(4) Debtor subsequently defaulted under the terms of the Consent Order with BB&T and BB&T received relief from stay.

(5) After the Debtor's default, BB&T then initiated a foreclosure action against the Debtor's real property.

(6) The Debtor is now prepared to cure the arrearage, together with fees and costs, and to thereafter maintain payments throughout her Chapter 13 Plan in accordance with provisions and terms of this Order.

(7) The Debtor's 1997 Lexus was involved in an automobile wreck and declared a total loss which was the subject of the Adversary Proceeding in this case, Bailey v. Nationwide Property & Casualty Insurance Co, case number 08-9023.

(8) The attorney for Ms. Bailey attests that this matter will be shortly settled with Nationwide, which will be taking possession of the totaled Lexus.

**NOW, THEREFORE** based upon the foregoing findings of fact and conclusions of law, and with the consent of all parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

(1) The Debtor will forward funds in the amount of $5,705.30 to BB&T by October 1, 2008. That sum represents payments due on Debtor's BB&T mortgage loan for the following periods:

| Payment | 03/08 – 07/08 | $723.92 x 5 = | $3,619.55 |
| Payment | 08/08 – 10/08 | $695.25 x 3 = | $2,085.75 |

(2) Upon receipt of the sum of $5,705.30, BB&T will apply said sum to Debtor's BB&T mortgage loan account and once applied, those funds will bring Debtor's BB&T mortgage loan account contractually current.

(3) Upon receipt of the sum of $5,705.30, BB&T will dismiss the foreclosure proceeding it initiated against Debtor's real property.

(4) Upon receipt of the sum of $5,705.30, the automatic stay of 11 U.S.C. § 362 shall be re-imposed as to BB&T and BB&T is allowed a secured claim in the amount of $1,845.24, and said secured claim will be paid to BB&T in accordance with the terms of the Debtor's Chapter 13 Plan. The sum of $1,845.24 represents the following fees and costs:

| Appraisal Fee | $250.00 |
| Foreclosure Fees | $750.00 |
| Foreclosure Costs | $495.24 |
| Bankruptcy Fees | $350.00 |

(5) The Chapter 13 Trustee is directed to amend the Debtor's Chapter 13 Plan as necessary and is directed to make the ongoing monthly mortgage payment to BB&T effective with the mortgage payment due on November 1, 2008, in the initial amount of $695.25.

(6) In the event that the Debtor fails to make any of the above referenced payments to BB&T or the Debtor fails to make her Chapter 13 Plan payments to the Chapter 13 Trustee under this Order by the 30th day of the month in which the Chapter 13 Plan payment is due, then the automatic stay and restraining Order entered in this case are hereby modified without further notice or hearing and the Debtor's property is released for foreclosure by BB&T or the then Noteholder as provided for by the terms of the

security instruments. Said modification will occur immediately upon the Debtor's default and the 10 day waiting period of F.R.B.P. 4001(a)(3) will not apply. This provision will remain effective for the life of the Debtor's Chapter 13 case.

(7) In the event the Debtor defaults, BB&T or the then Noteholder will file a "Notice of Lift of Stay" with the Court. Upon the filing of the Notice of Lift of Stay, the Trustee is hereby directed to cease disbursements on the claims of BB&T or the then Noteholder. Noteholder (or Assignee) is allowed 180 days from the date that the Notice of Lift of Stay is entered by the Court to file a documented deficiency claim with the Chapter 13 Trustee.

(8) The Debtor, by or through her attorney, will tender funds to the Chapter 13 Trustee within 10 days of receipt from Nationwide, insurance proceeds sufficient to satisfy the claim(s) of Coastal Federal Credit Union, secured by the Lexus, and Coastal Federal Credit Union will then release its lien on the title to the Lexus and forward same to Nationwide, in order that Nationwide may take possession of and dispose of the Lexus.

(9) The Debtor's attorney is awarded the presumptive attorney's fee for bringing this motion to modify the plan in the amount of $250.00, to be paid through the Chapter 13 plan.

/s/Joseph J. Vonnegut
JOSEPH J. VONNEGUT, ATTORNEY
FOR BB&T
North Carolina State Bar No. 32974


/s/Pamela Keenan
PAMELA KEENAN, ATTORNEY
FOR COASTAL FEDERAL CREDIT UNION
North Carolina State Bar No. 20328


/s Edward C. Boltz
EDWARD C. BOLTZ, ATTORNEY
FOR DEBTOR
North Carolina State Bar No.: 23003


NO PROTEST/NO OBJECTION


/s/Richard M. Hutson, II
RICHARD M. HUTSON, II
Chapter 13 Trustee

## PARTIES TO BE SERVED

Tanya Jeneen Bailey
5304 Dilbagh Drive
Durham, N.C. 27703

Edward C. Boltz
Attorney for Debtor
6616-203 Six Forks Rd.
Raleigh, N.C. 27615

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, N.C. 27702

Pamela P. Keenan
Attorney for Coastal Federal Credit Union
P.O. Box 19766
Raleigh, N.C. 27619-9766